UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MIRELLA RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 24-cv-09223-LB<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 62 |

## INTRODUCTION

This case arises from the termination of plaintiff Mirella Ramirez, a former kindergarten teacher at the Oakland Unified School District's Melrose Leadership Academy, after she refused to use a student's preferred male pronouns due to her religious beliefs as a devout Catholic. The plaintiff alleges that her termination violated her First Amendment rights to free speech and free exercise of religion under 42 U.S.C. § 1983, as well as her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., including failure to accommodate her religion and religious discrimination. She sues the District and several individual defendants (school administrators and board members) in their official and individual capacities.[1]

---

[1] Second Am. Compl. (SAC) – ECF No. 60 at 2 (¶¶ 1–3), 3–4 (¶¶ 8–21). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-09223-LB

The court previously dismissed the § 1983 claims, on the grounds of sovereign immunity for the District, qualified immunity for the individual defendants, and failure to state a claim because the plaintiff's speech as a public employee was not protected under the First Amendment.[2] The plaintiff's second amended complaint (SAC) largely repleads the same § 1983 claims, but adds Title VII claims and some new factual allegations regarding alleged religious hostility.[3]

The defendants now move to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). They argue that the court's prior analysis remains unchanged for the § 1983 claims and that the Title VII claims are time-barred because the plaintiff did not file suit within ninety days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), with no basis for equitable tolling.[4] The plaintiff opposes, contending that new allegations establish religious hostility akin to *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission*, 584 U.S. 617 (2018), defeating qualified immunity and stating viable claims, and that equitable tolling applies to her Title VII claims due to an EEOC mailing error.[5] The defendants reply that the new allegations do not alter the prior rulings and that the plaintiff's lack of diligence precludes tolling.[6]

The court dismisses the § 1983 claims with prejudice against the District as barred by sovereign immunity and against the individual defendants as barred by qualified immunity. The Title VII claims are dismissed with prejudice as time-barred.

## STATEMENT

The court's earlier order described the events that led to the litigation, allegations that are largely unchanged in the amended complaint.[7]

---

[2] Order – ECF No. 43.

[3] SAC – ECF No. 60 at 4–15 (¶¶ 22–137), 15–21 (¶¶ 138–89).

[4] Mot. – ECF No. 62.

[5] Opp'n – ECF No. 65.

[6] Reply – ECF No. 66.

[7] Order – ECF No. 43 at 2–4. The allegations are incorporated herein by this reference.

  The plaintiff worked as a kindergarten teacher at Melrose Leadership Academy, a dual-immersion school in the Oakland Unified School District that educates students in both Spanish and English, from 2017 until her termination in 2024.[8] As a devout Catholic, the plaintiff believes that a person's gender is divinely assigned at birth based on their biological sex, that it is immoral to rebel against God's design by transitioning genders, and that she cannot affirm or support such transitions, including by using pronouns inconsistent with biological sex.[9]

  In August 2022, a five-year-old student in the plaintiff's Spanish-language class, perceived by the plaintiff as biologically female based on appearance, requested that the plaintiff use male pronouns.[10] The student's mother confirmed the request.[11] The plaintiff informed the mother that she could not comply due to her religious beliefs.[12] After complaints from the parents, the plaintiff met with the parents, Principal Lisa Contreras, and Vice Principal Violeta Escobar, who informed the plaintiff that district policy required her to use the student's preferred pronouns.[13] The defendants proposed accommodations, which the plaintiff did not accept, including moving the student to another classroom (with the parents' agreement). The student resisted and had to be physically removed while crying.[14]

  On October 4, 2022, parents, teachers, and community members petitioned the District to discipline the plaintiff.[15] On October 7, 2022, Angela Bagami-Knight, a School Partner in the District's Talent Division, directed the plaintiff to use masculine pronouns.[16] On October 20, 2022, Principal Contreras issued the plaintiff a formal written reprimand for misgendering the

---

[8] SAC – ECF No. 60 at 2 (¶ 1), 5 (¶¶ 29–31).
[9] *Id.* at 2 (¶ 3), 4–5 (¶¶ 22–27).
[10] *Id.* at 6 (¶¶ 39–44).
[11] *Id.* (¶ 47).
[12] *Id.* (¶ 48).
[13] *Id.* at 7 (¶¶ 49–50, 55).
[14] *Id.* at 7–8 (¶¶ 58–68).
[15] *Id.* at 9 (¶ 74).
[16] *Id.* at 4 (¶ 16), 9 (¶ 77).

ORDER – No. 24-cv-09223-LB    3

student and insubordination.[17] Ms. Bagami-Knight and Jeff Dillon, a Senior Talent Partner, investigated complaints against the plaintiff and recommended her dismissal.[18] The plaintiff attended a pre-disciplinary hearing with Tara Gard, the Chief Talent Officer.[19] Ms. Gard allegedly questioned the plaintiff's faith, asking what in her religion prevented her from teaching transgender students.[20] The plaintiff responded that it did not.[21] The District offered accommodations, including calling transgender students by first or last name, teaching another grade, or transferring schools.[22] The plaintiff found these unacceptable and requested training on gender-neutral Spanish formulations, which was denied.[23]

During the process, Principal Contreras allegedly instructed the plaintiff that she must use the student's preferred pronouns despite her religious beliefs.[24] Vice Principal Escobar allegedly questioned Ramirez about her faith and voiced a contrary interpretation of Catholic dogma by stating, "I'm Catholic too. I don't have a problem using different pronouns for transgender kids. And you shouldn't either."[25]

In January 2023, the plaintiff was suspended with pay pending investigation under California Education Code § 44932, the same statute used for terminating teachers for physical child abuse, including sexual abuse.[26] On February 14, 2024, the District Board — including Benjamin Davis, Jennifer Brouhard, VanCedric Williams, and Mike Hutchinson — voted to terminate the plaintiff

---

[17] *Id.* at 9–10 (¶¶ 78–79).
[18] *Id.* at 4 (¶ 17), 10–11 (¶¶ 87–88).
[19] *Id.* at 3 (¶ 13), 11 (¶¶ 89–90).
[20] *Id.* at 11 (¶¶ 91–95).
[21] *Id.* (¶ 96).
[22] *Id.* (¶¶ 97–99).
[23] *Id.* at 11–12 (¶¶ 100–04).
[24] *Id.* at 8–9 (¶¶ 69–72).
[25] *Id.* at 7 (¶ 53).
[26] *Id.* at 2 (¶ 6(e)), 12 (¶ 105).

ORDER – No. 24-cv-09223-LB                4

for violating California Education Code § 220 (prohibiting discrimination based on gender identity) and District Policy 5145.3 (requiring use of preferred pronouns).[27]

The plaintiff filed a charge with the EEOC in December 2024 alleging religious discrimination and retaliation in violation of Title VII.[28] The EEOC issued a right-to-sue letter on March 4, 2025, and mailed it to the following address: 5517 East 16th Street, Oakland, California, 94621.[29] That was the address that the plaintiff gave to the EEOC when she filed her complaint.[30] She contends that "[t]o the best of my recollection, I gave the EEOC a mailing address for me: 10324 Byron Ave., Oakland, CA 94603."[31] In February 2025, she told the EEOC that she was represented by counsel.[32] The EEOC told her that it would close her file by March 3, 2025, and issue her a right-to-sue letter.[33] It sent her email notices on March 4 and 12, 2025, that the notice was available online to download.[34] (It is undisputed that the right-to-sue letter was available online through the EEOC's portal. At the hearing, counsel represented that he tried to log into the portal, but it was no longer available. The portal allows access to all documents, apparently through the ninety-day period to file a lawsuit.) On May 19, 2025, the plaintiff's counsel inquired about the right-to-sue letter, received no response, and sent another inquiry on June 23, 2025. The EEOC told him to make a FOIA request.[35] Counsel then reached out directly to Roberta Steele, Regional Attorney for the EEOC's San Francisco District Office, threatening to sue, and on July 1, 2025, received a copy of the right-to-sue letter (dated March 4, 2025, addressed to 5517 East 16th Street, Oakland,

---

[27] *Id.* at 13–14 (¶¶ 116–19).

[28] *Id.* at 14 (¶ 127).

[29] EEOC Letter – ECF No. 60-2 at 2. The EEOC also sent the plaintiff notices on March 4 and 12, 2025, that the right-to-sue letter was available online. EEOC Register of Actions, Ex. B to Req. for Judicial Notice – ECF No. 66-2 at 6–7.

[30] Charge of Discrimination, Ex. A to Req. for Judicial Notice – ECF No. 66-2 at 4.

[31] Pl.'s Decl. – ECF No. 60-1 at 3 (¶ 10).

[32] *Id.* at 2 (¶ 4); SAC – ECF No. 60 at 14 (¶ 128).

[33] SAC – ECF No. 60 at 14 (¶ 128).

[34] EEOC Register of Actions, Ex. B to Req. for Judicial Notice – ECF No. 66-2 at 6–7.

[35] SAC – ECF No. 60 at 14–15 (¶¶ 130–31).

California, 94621).[36] The plaintiff filed this action on December 19, 2024, without the Title VII claims.[37] Thereafter, with leave of the court, she added the Title VII claims to the SAC.[38]

The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[39] The court has federal-question jurisdiction.[40] The court held a hearing on October 16, 2025.

## ANALYSIS

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The motion has four issues: whether the district has sovereign immunity, whether the individuals have qualified immunity, whether the complaint states a claim, and whether the statute of limitations bars the plaintiff's Title VII claims.[41] The plaintiff is not relitigating the court's earlier order dismissing claims against the District or the Free Speech claims: she is preserving the issues

---

[36] *Id.* at 15 (¶¶ 132–34); EEOC Letter – ECF No. 60-2 at 2.

[37] Compl. – ECF No. 1.

[38] Mot. – ECF No. 50; Order – ECF No. 59; SAC – ECF No. 60.

[39] Consents – ECF Nos. 20, 33–34.

[40] Order – ECF No. 43 at 4.

[41] Mot. – ECF No. 62 at 9–11.

for appeal.[42] That leaves the qualified-immunity defense (and whether new allegations plausibly plead a claim) and whether the statute of limitations bars the Title VII claims.

### 1. Qualified Immunity

The first issue is whether the individual defendants are entitled to qualified immunity on the § 1983 claims. Qualified immunity shields government officials from liability unless their conduct violates clearly established constitutional rights of which a reasonable official would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Courts ask (1) whether a right was violated and (2) whether it was clearly established at the time. *Id.* at 236. The plaintiff bears the burden on the second prong, and rights must be particularized to the facts of the case, not defined at a high level of generality. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). No binding precedent clearly established that requiring a teacher to use preferred pronouns violates free speech or free exercise rights, and out-of-circuit cases are mixed.[43]

The SAC's new allegations — Principal Contreras's and Vice Principal Escobar's comments about the plaintiff's beliefs — do not change this.[44] The plaintiff argues that these show hostility akin to *Masterpiece Cakeshop*, where commissioners made overtly disparaging remarks about religion ("despicable pieces of rhetoric"). 584 U.S. at 635. She also cites *Fellowship of Christian Athletes v. San Jose Unified School District Board of Education*, 82 F.4th 664, 692 (9th Cir. 2023) (en banc) (officials called religious beliefs "bullshit" and the plaintiffs "charlatans"), and out-of-circuit cases like *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021) (pronoun policy violated free speech).[45]

But these cases do not clearly establish a violation here. *Masterpiece* and *Fellowship* involved public, overt hostility far exceeding the isolated, context-specific comments alleged. By contrast, Principal Contreras's statement was a restatement of policy enforcement, not disparagement. Vice

---

[42] Opp'n – ECF No. 65 at 9–10; Order – ECF No. 43 at 6–10 (holding the District immune).

[43] Order – ECF No. 43 at 10–13 (has full qualified-immunity standard, adopted by this reference).

[44] *See supra* Statement.

[45] Opp'n – ECF No. 65 at 9–15.

Principal Escobar's remarks occurred during accommodation discussions.[46] No Supreme Court or Ninth Circuit case has addressed whether requiring a teacher's use of preferred pronouns in a public school violated rights, putting defendants on notice "beyond debate." *al-Kidd*, 563 U.S. at 741. Courts are split on the issue. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 432 F. Supp. 3d 823 (S.D. Ind. 2020) (no violation); *Vlaming v. West Point Sch. Bd.*, 302 Va. 504 (2023) (violation, but law not clearly established); *cf. Wilson v. Layne*, 526 U.S. 603, 618 (1999) (circuit splits undermine clarity). This split underscores that the law was not "beyond debate." *al-Kidd*, 563 U.S. at 741.

Qualified immunity applies. The claims are dismissed with prejudice.

## 2. Title VII Claims

The parties dispute whether the Title VII claims are untimely: the amended complaint adding the claims was filed on July 7, 2025, more than ninety-three days after the EEOC issued the right-to-sue letter on March 4, 2025, and mailed it to the plaintiff's address of record. The plaintiff allegedly did not receive it until July 1, 2025, after her counsel asked for it on May 19, 2025, and July 23, 2025.[47] The plaintiff contends that the statute of limitations began running only when she received the right-to-sue letter and that she in any event is entitled to equitable tolling.[48] The defendants counter that the statute of limitations began three days after March 4, 2025, which makes the July 7, 2025, amended complaint untimely, and no facts establish equitable tolling.[49] The amended complaint was untimely, and the claims are dismissed.

Title VII requires a plaintiff to file suit within ninety days of receiving an EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992). When the date of receipt is disputed, courts apply a rebuttable presumption that an individual received the notice three days after it was mailed. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119,

---

[46] SAC – ECF No. 60 at 7 (¶¶ 49–59), 8 (¶¶ 69–72).

[47] *See supra* Statement.

[48] Opp'n – ECF No. 65 at 21–26.

[49] Reply – ECF No. 66 at 16–20.

1125–26 (9th Cir. 2007). The ninety-day period operates as a statute of limitations and is subject to the doctrine of equitable tolling. *Scholar*, 963 F.2d at 267.

The complaint was not timely filed within ninety days (plus three days for mailing). The plaintiff tries to distinguish Ninth Circuit cases, saying that they require actual receipt of notice, not dispatch of it.[50] But it was the plaintiff's job to provide her address. 29 C.F.R. § 1601.7(b); *Jones v. Wal-Mart Stores, Inc.*, No. CV-07-0775-PHX-SMM, 2009 WL 2382435, at *5 (D. Ariz. Aug. 3, 2009), *aff'd,* 405 F. App'x 155 (9th Cir. 2010); *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316–17 (7th Cir. 1984). The plaintiff did not rebut the three-day presumption with sufficient evidence of non-receipt because her recollection of providing a different address lacks corroboration.[51] The amended complaint adding the claims was untimely.

The remaining issue is whether the equitable-tolling doctrine excuses the late filing. The timeline does not establish diligence that merits equitable tolling.

The equitable-tolling doctrine applies when a plaintiff pursues her rights diligently, and (2) "some extraordinary circumstance stood in [her] way." *Roberts v. Marshall*, 627 F.3d 768, 771–72 (9th Cir. 2010). The doctrine is applied sparingly, *Payan*, 495 F.3d at 1122–25, such as "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999); *see Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) (equitable tolling is "to be applied only sparingly" where a claimant "had neither actual nor constructive notice of the filing period"). The Supreme Court has "allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Scholar*, 963 F.3d at 268 (citing *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 111 (1990) and *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam)). "Courts

---

[50] Opp'n – ECF No. 65 at 20–24.

[51] *See* Statement (recounting timeline).

ORDER – No. 24-cv-09223-LB   9

have been generally unforgiving . . . when a late filing is due to [the] claimant's failure to 'exercise due diligence in preserving his [or her] legal rights.'" *Id.* (quoting *Irwin*, 498 U.S. at 96).

The facts do not establish the requisite diligence for equitable tolling. Unlike in *Jones*, where the plaintiff gave his new address to the EEOC investigator twice and contacted the EEOC repeatedly, the plaintiff provided no evidence of updating her address beyond a recollection (without corroboration) that she believed she did. Also, she contacted the EEOC only in May 2025, despite notice in February 2025 that the EEOC would issue the notice on March 3, 2025.[52] *Jones*, 2009 WL 2382435, at *5 (the plaintiff established diligence by giving the EEOC investigator his new address verbally and in writing, filing a change-of-address form with the U.S. Postal Service, and calling the EEOC five times in one month, finally demanding to speak with a supervisor and learning only then that the EEOC had sent him the notice several months before his calls). She also undisputedly had access to the right-to-sue letter via the EEOC's online portal and was aware of the timing issues well before the ninety days to file suit expired.

The Title VII claims are dismissed.

## CONCLUSION

All claims are dismissed with prejudice. This resolves ECF No. 62.

**IT IS SO ORDERED.**

Dated: October 17, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[52] *See* Statement (recounting timeline).

ORDER – No. 24-cv-09223-LB                    10